NORCISSA BEVERLY v. J. P. GARVEY & Co., ET AL.

**Sale of Real Estate.**

When a contract of sale of real estate is made, and some time thereafter a conveyance is made under its terms, and a part of the purchase-money paid, one attacking such conveyance on the ground that it was made in contemplation of insolvency and to prefer, the grantee must show that the grantor contemplated insolvency at the time he sold the real state, and not when he made the conveyance.

APPEAL FROM OLIVER CIRCUIT COURT.

March 6, 1880.

OPINION BY JUDGE COFER:

The plaintiffs allege that on or about the 15th of March, 1879, Crouch, being indebted and in contemplation of insolvency, &c., conveyed a tract of land to Mrs. Beverly.   She alleges and the evidence shows that she purchased the land, and paid $853 of the purchase-money, and the balance by a credit on her father's indebtedness to her, in May, 1879, and that he gave her a bond for title in the August following.   The conveyance referred to in the petition was made in execution of this prior contract.   That contract is not assailed. It is nowhere alleged that Crouch then contemplated insolvency. There is nothing upon which to base a judgment that he had any expectation, when he sold the land to the appellant, that he would become insolvent; and it is clear that the fact that he may have contemplated insolvency when he made the deed cannot affect her title unless he also contemplated insolvency when he made the contract to convey.

We are, therefore, of the opinion that the court erred in adjudging the conveyance to the appellant to be within the statute.

Judgment *reversed* and cause remanded with directions to dismiss the petition as to her.

*Greene & Lindsay, D. W. Lindsay, for appellant.*
*H. P. Montgomery, for appellees.*